

FILED

2016 FEB 10 AM 8: 58

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **CHARLENE M. GLASS,** | ) | **CASE NO. 1:15 CV 2640** |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **LAKETRAN TRANSPORTATION** | ) | **AND ORDER** |
| **ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

*Pro se* Plaintiff Charlene Glass filed this action against Laketran Transportation Administration ("Laketran"). In the Complaint (Doc. # 1), Plaintiff asserts Laketran bus drivers made derogatory comments to her over a two year period. She does not specify the relief she seeks.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. #2). That Application is granted.

## I. BACKGROUND

Plaintiff alleges she resided in Lake County from June 2012 until June 2014. During that time, she took the Laketran bus for transportation. She claims driver Rein Berliff of the #3 bus, driver "Joe" of the #3 bus, and driver "George" of the #6 bus made harassing, slanderous, and embarrassing comments to her. She contends they used racial epithets and "made statements

they wanted me out there [sic] community because of son's & brother imprisonment reputation, slander son's reputation." (Doc. #1 at 1).  She also states they "slander[ed] my gender." (Doc. #1 at 1).  She indicates the drivers invaded her privacy.  She alleges the #3 bus driver Rein Berliff used racially derogatory terms and told her he knew where she was about to go on his route.  She claims the #6 bus driver made statements to the effect that she touched children.  She indicates the other #3 bus driver was worse.  She contends she cannot give certain days that these incidents occurred and cannot provide more specific information.  She indicates her complaint pertains to "unlawful acts of discrimination against my civil rights occur[ring] from employee's abuse." (Doc. #1 at 1).  She does not indicate what relief she seeks in this action.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be

-2-

granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

### III. ANALYSIS

As an initial matter, Plaintiff does not specify a particular legal cause of action she wishes to pursue. To meet basic federal pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest.

*Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).  Plaintiff in this case indicates her Complaint is based on discrimination of her civil rights.  There are a number of potential causes of action that could fit within this broad explanation.

To the extent Plaintiff intended to proceed under 42 U.S.C. § 1983, or 42 U.S.C. § 1981, she fails to state a claim against this Defendant.  To obtain relief against a municipality under either of these statutes, Plaintiff must prove that she suffered a constitutional tort, and that the municipality itself caused the constitutional deprivation.  A municipality cannot be held vicariously liable for the alleged unconstitutional acts of its employees under the theory of respondeat superior.  *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978); *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1214-15 (9th Cir. 1996)("[I]t is highly implausible that Congress silently intended to impose *respondeat superior* liability on state actors for the violation of § 1981 rights, a change which would create an enormous new burden on government defendants").  Instead, liability can be imposed on a municipality only when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Monell*, 436 U.S. at 694.  A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers."  *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

-4-

In this case, Plaintiff does not allege facts suggesting her constitutional rights were violated as a result of a custom or policy of Laketran. Instead, she complains of alleged actions of individual employees over the course of a two year period of time. She cannot hold Laketran vicariously liable for the actions of its employees under 42 U.S.C. §§ 1981 or 1983.

To the extent Plaintiff may be attempting to invoke this Court's jurisdiction based on Title II of the Civil Rights Act, 42 U.S.C. § 2000a, she fails to state a claim upon which relief may be granted. Title II prohibits discrimination on the basis of "race, color, religion, or national origin" in places of public accommodation. *See* 42 U.S.C. § 2000a(a). This statute cannot redress any injury Plaintiff claims to have suffered because it provides only for injunctive relief, not damages. *See* 42 U.S.C. § 2000a–3(a); 42 U.S.C. § 12188(a); *see also Bradley v. School Bd. of City of Richmond*, 416 U.S. 696, 719 (1974)("When a plaintiff brings an action under [Title II of the CRA], he cannot recover damages."); *Southwell v. Summit View of Farragut*, LLC, 494 F. App'x 508, 512 (6th Cir. 2012)(citing *Smith v. Wal–Mart Stores*, Inc., 167 F.3d 286, 293 (6th Cir. 1999). Injunctive relief is unavailable in this case because Plaintiff's injury is based on a few incidents that she alleges occurred in the past when she was a passenger on Laketran busses from 2012 until 2014. In the absence of any allegation of continuous or ongoing discrimination by Laketran against Plaintiff, she has not stated a cause of action that may be remedied by way of injunctive relief under Title II.

Finally, to the extent Plaintiff intended to assert some other cause of action, it is not readily apparent on the face of the Complaint. Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th

-5-

Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id*. at 1278. To do so would "require ...[this Court] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform [the Court] from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. The Court has applied liberal construction to analyze possible discrimination claims Plaintiff maybe bringing. Even liberally construed, however, the Complaint does not contain any allegations which would reasonably suggest another plausible cause of action upon which Plaintiff may be seeking to base her lawsuit.

## IV. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #2) is granted this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

**Dan Aaron Polster**
**United States District Judge**

---

[1]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-6-